JOSHUA FOSTER *versus* JOHN GORTON.
MARILLA FOSTER *et al.,* by Guardian, *versus* Same.

Where the widow of an intestate, before the appointment of an administrator, leased land and animals belonging to the intestate's estate, and the produce of the land and increase of the animals were attached by creditors of the lessee, it was *held* that trover lay against the attaching officer, in favor of the heirs and the administrator respectively, for the produce of the land and the increase of the animals.

THESE were actions of trover. Upon a case stated it appeared, that on the 21st of July, 1825, John Foster died intestate, seised and possessed of real and personal estate, leaving a widow, and six minor children of from six to eighteen years of age. A farm, being part of the real estate, was then in the possession of a tenant, who held the same until April 1, 1826, when one Hawver took possession by virtue of a lease for three years, executed by the widow, dated October 6, 1825. Certain swine belonging to the estate of the intestate were included in the lease. Hawver continued in possession and labored on the farm until about the 15th of October, 1826, when he went out of the commonwealth, leaving his family upon the farm. On that day, no administrator on the estate nor guardian to the heirs having yet been appointed, the property, which is the subject of these suits, being the increase of the swine and the hay and other produce of the farm in the summer of 1826, was attached by the defendant, a deputy sheriff, upon writs in favor of creditors of Hawver. In November 1826 Joshua Foster was appointed administrator of the intestate's estate, and D. Foster and E. Foster were appointed guardians of the heirs, Marilla Foster and others. The administrator and the guardian demanded of Gorton the property severally claimed by them, and upon his refusal to deliver it these actions were commenced. If the Court should be of opinion that Joshua Foster was entitled to recover for the swine sued for, judgment was to be rendered for him for 26 dollars ; and if Marilla Foster and others were entitled to recover for the produce of the farm, judgment was to be rendered for them

Foster
*v.*
Gorton.

for 98 dollars 60 cents. But if otherwise, the plaintiffs were to become nonsuit.

*Sept. 19th.*

The Court having called upon the defendant's counsel to begin, *C. A. Dewey* contended that the increase of the swine belonged to the lessee ; *Putnam* v. *Wyley*, 8 Johns. R. 339, cites Pothier, *Traité de Droit de Propriété, no.* 153, 155 ; and if the lease were illegal, it would not vary the case, the owner of the animals having suffered them to remain in the lessee's possession long enough to increase. But the mother of the heirs was their guardian by nature and in socage, and until the appointment of guardians by the judge of probate, she had the custody of the land and a legal right to make the lease. *Freto* v. *Brown*, 4 Mass. R. 675 ; *Byrne* v. *Van Hoesen*, 5 Johns. R. 66 ; *Jackson* v. *Vredenbergh*, 1 Johns. R. 163 ; *Jackson* v. *De Walts*, 7 Johns. R. 157 ; Com. Dig. *Gardian in Socage.* The widow was entitled to make the lease, by virtue of the *St.* 1816, *c.* 84, she accounting for two thirds of the rents. If however the lease was void and the heirs were disseised, they could not maintain an action of trespass against the disseisor for mesne profits, until after a reëntry ; and still less can they, by an action of trover or replevin, trace the specific product of the land transferred to a third person during the continuance of the disseisin. *Allen* v. *Thayer*, 17 Mass. R. 299.

*Hubbard* and *Washburn*, for the plaintiffs, cited *May* v *Calder*, 2 Mass. R. 55 ; *Drinkwater* v. *Drinkwater*, 4 Mass. R. 358 ; *Gibson* v. *Farley*, 16 Mass. R. 280.

*Sept 21st.*

*Per Curiam.* The widow had no right to lease the estate of the intestate. The lease was altogether void and the tenant acquired no rights under it.[1] The administrator must have judgment for the value of the swine.

So also in the action by the heirs the judgment must be for the plaintiffs. The debtor was not a disseisor, as he did not intend to hold by wrong. He may be considered as the agent of the heirs to take care of the estate. There is no question but that they had a right to enter upon the land and take the produce.

---

[1] See *May* v. *Calder*, 2 Mass. R. (Rand's ed.) 55, n. *(a)*.